[No. 8,306. Department One.—June 17, 1884.]

## JAMES FLEMING, RESPONDENT, v. M. J. WELLS, APPELLANT.

PLEADING—VERIFICATION OF ANSWER.—Where the affidavit of a defendant to his answer states that the matters set forth in the foregoing answer are true, except as to those matters therein stated on information or belief, and as to those matters that he believes them to be true, it is a sufficient verification; it is not necessary that the defendant should state in the affidavit that he has heard the answer read, and knows the contents thereof.

REPLEVIN—SHERIFF—CONVERSION—UNDERTAKING.—Tho action was replevin. The answer set forth facts from which it appeared that prior to the commencement of the present action, one Hawley commenced an action against the plaintiff herein, and one Fowler, to recover the identical property described in the complaint herein. That in that action, upon proper affidavit, undertaking, and order of the attorney for plaintiff therein (which were forthwith served on the defendants therein), the present defendant, as sheriff, took said property from the defendants on the 12th day of November, 1881. That on the 17th day of the same November (the day after the present action was commenced) the plaintiff herein made affidavit for claim and delivery and executed bond, which affidavit and bond (together with an order of the attorneys for plaintiff herein) were

delivered to an *elisor*, appointed by the court, by whom the property was taken from the defendant herein, sheriff as aforesaid. That afterwards, on the 22d of November, 1881, defendant gave the undertaking provided for in such case by the Code, and demanded a return of the property of the *elisor*, who on the same day delivered the property to the present defendant; that defendant, sheriff, thereupon *delivered the property to Hawley*, the plaintiff in the action wherein plaintiff and Fowler were defendants. That afterwards, on the 12th day of December, 1881, the plaintiff herein filed an answer in the action, wherein he and said Fowler were defendants, in which he demanded a return of the property therein and herein sued for. That the action, *Hawley* v. *Fowler and Fleming*, came on to be tried on the 21st day of January, 1882, and at the conclusion of the evidence on the part of the plaintiff therein, the court, on motion of defendants, ordered a judgment of *nonsuit* in that action, on the ground that plaintiff had not made out a case sufficient to go to a jury, and thereupon a judgment was entered in favor of defendants therein for their costs. *Held*, that the facts stated in the answer constituted a defense.

APPEAL from a judgment of the Superior Court of Tulare County.

The facts are stated in the opinion of the court.

*Atwell & Bradley*, for Appellant.

*Edwards & Du Brutz*, for Respondent.

The COURT. — This appeal is from a judgment on the pleadings, for a delivery to plaintiff of the property mentioned in the complaint, or in case delivery cannot be had for two thousand three hundred and fifty dollars, its value, for five hundred and fifty dollars damages for the detention and costs, etc.

It is urged by respondent that the judgment should be affirmed because the verification of the answer is not such as is required by section 446 of the Code of Civil Procedure. · But the record shows that when the answer was filed, there was attached thereto a verification, in words and figures following :
" COUNTY OF TULARE, ss.

" M. J. Wells being duly sworn on oath, says that he is the defendant in this cause; that the matters set forth in the foregoing answer are true, except as to those matters therein stated on information or belief, and as to those matters that he believes them to be true.                                 M. J. WELLS.

"Subscribed and sworn to before me, this 28th day of January, 1882.

[SEAL.]                                " N. O. BRADLEY,
                                          " Notary Public."

The Code does not require, when the answer is verified by the defendant, that he shall state in the *affidavit* that "he has heard the foregoing answer read, and knows the contents thereof." The statement, "the matters set forth in the foregoing answer are true," is the equivalent of a statement, "the foregoing answer is true." Section 446 requires him to state that "the same"—the answer—is true, except as to the *matters* which are therein stated on his information or belief, and as to those matters he believes it to be true." The matters stated on information or belief are thus put in opposition to the rest of the answer, that is, to the matters stated positively. We think the verification sufficient.

The answer avers facts, fully and at large set forth, from which it appears that prior to the commencement of the present action, one Hawley commenced an action against the plaintiff herein and one Fowler, to recover the identical property described in the complaint herein. That in that action, upon proper affidavit, undertaking, and order of the attorney for plaintiff therein (which were forthwith served on the defendants therein), the present defendant, as sheriff, took said property from the defendants on the 12th day of November, 1881. That on the 17th day of the same November (the day after the present action was commenced), the plaintiff herein made affidavit for claim and delivery, and executed bond, which affidavit and bond (together with an order of the attorneys for plaintiff herein), were delivered to an *elisor* appointed by the court, by whom the property was taken from the defendant herein, sheriff as aforesaid. That afterwards, on the 22d of November, 1881, defendant gave the undertaking provided for in such case by the Code, and demanded a return of the property of the *elisor*, who on the same day delivered the property to the present defendant. That defendant, sheriff, thereupon *delivered the property to Hawley*, the plaintiff in the action wherein plaintiff and Fowler were defendants. That afterwards, on the 12th day of December, 1881, the plaintiff herein filed an answer in the action, wherein he and said Fowler were defendants, in which he demanded a return of the property therein and herein sued for. That the action, *Hawley* v. *Fowler and Fleming*, came on to be tried on the 21st of January, 1882, and at the conclusion of the evidence on the part of the plaintiff therein, the court, on motion of defend-

ants, ordered a judgment of *nonsuit* in that action, on the ground that plaintiff had not made out a case sufficient to go to a jury, and thereupon a judgment was entered in favor of defendants therein for their costs.

The court below held that the facts set forth in the answer constituted no defense to the present action.

For the purposes of the judgment on the pleadings, the averments of the answer must be treated as true.

Certainly the defendant here did not *take* the property from the plaintiff *wrongfully*, but as sheriff, under process which made it his duty to take it.

Before the expiration of five days, at the expiration of which it would have become the duty of the sheriff (defendant herein), to deliver the property to Hawley, the present action was commenced, and the property taken by the *elisor*. When the property was returned to the sheriff on his giving bond, etc., he did what it was his plain duty to do, delivered it to Hawley.

The present plaintiff did not give the bond provided for in section 514 of the Code of Civil Procedure, which alone would have authorized him to demand a return of the property taken by the sheriff, but, instead of executing and tending the bond, commenced this independent action against the officer. As we have said, no right of action for a recovery of the property from the sheriff existed in favor of the plaintiff when the present suit was begun.

Nor was the sheriff permanently relieved of the duty of delivering the property to Hawley, by the circumstance that it was taken out of his possession by the *elisor*. As soon as it was returned to him, the duty attached of delivering it to Hawley, plaintiff in the action, at whose instance it had been taken by the sheriff. This duty he performed. Even if the judgment of nonsuit could be construed to be a judgment that defendants were entitled to a return of the property by Hawley, the judgment in the present suit could not be upheld. Prior to the rendition of the judgment of nonsuit, the present defendant, in strict accordance with his duty as sheriff, had delivered the property of Hawley, and the judgment (construed as a judgment for a return), required *Hawley*, and not the present defendant, to return the property, or pay its value in case return could not be

had. As the sheriff rightfully took the property from the present plaintiff, and simply discharged his duty in delivering it to Hawley, he cannot be held liable for the property, or its value and damages, at the suit of the present plaintiff.

It may be added, that in the action brought by Hawley, the defendants did not recover a judgment for a return of the property by the plaintiff therein, or its value. The defendants in that action asked for a nonsuit and got what they asked for. If under the circumstances they could complain of the judgment because it did not provide for a return, etc., the remedy was to be sought in that action, in the Superior Court, or by appeal.

Even if it could be held that a judgment might properly be entered against the present defendant if he came wrongfully into possession of the property *after* the action was brought although his possession when the action was commenced was rightful, the facts do not show such subsequent wrongful possession. Moreover, if it could be held that in case a judgment for a return of the property to defendants by Hawley had been entered in the action brought by him, it would have become the duty of the sheriff to take the property from Hawley and deliver it to defendants therein (and that it was a duty which he could be compelled to perform in this *independent action*), no judgment was in fact entered in the action brought by Hawley for a return of the property to the defendants in that action.

Judgment reversed.