[No. 19011.   Department Two. — August 3, 1892.]

THE PEOPLE EX REL. RICHARD E. ATKINSON, RESPONDENT, *v.* J. T. JOHNSON, COUNTY AUDITOR OF SANTA BARBARA COUNTY, APPELLANT.

JUDGMENT UPON PLEADINGS — ADMISSION OF ALLEGATIONS OF ANSWER. — An allegation of an answer upon a material issue raised by the pleadings is admitted by a motion of the plaintiff for judgment upon the pleadings.

CONSTITUTIONAL LAW — COMPENSATION OF CONSTABLES — DIMINUTION DURING TERM. — An ordinance of the board of supervisors diminishing the compensation of constables for services in criminal cases during the term is not in conflict with section 9 of article XI. of the constitution,

which prohibits an increase of salary of an officer after his election or during his term of office.

ID. — COUNTY GOVERNMENT ACT — SALARIES OF CONSTABLES — COMPENSA-TION NOT PROPORTIONED TO DUTIES. — Subdivision 14 of section 183 of the act of March 13, 1891 (Stats. 1891, p. 377), entitled "An act to establish a uniform system of county and township governments," which attempts to delegate the power to fix the salaries of constables of counties of the twenty-first class to the board of supervisors, is in conflict with section 5 of article XI. of the constitution, which imposes upon the legislature the duty of regulating the compensation of such officers in proportion to duties, and is therefore void.✦

ID. — MANDATORY PROVISION OF CONSTITUTION — DELEGATION OF LEGISLA-TIVE POWER. — Section 5 of article XI. of the constitution, providing for the regulation by the legislature of the compensation of officers therein named in proportion to their duties, is mandatory, and the duty of such regulation cannot be delegated to the board of supervisors.

APPEAL from a judgment of the Superior Court of Santa Barbara County.

The facts are stated in the opinion of the court.

*A. E. Putnam,* and *Richards & Carrier,* for Appellant.

*Attorney-General W. H. H. Hart,* and *J. W. Taggart,* for Respondent.

The COURT. — The question involved in this case is the validity of an ordinance of the board of supervisors of Santa Barbara County, made April 10, 1891, fixing the salaries of the constables of the various townships of the county for their services in criminal cases. In each of the townships 1, 3, and 8, the annual salary for such services was fixed at $24, in No. 2 at $480, and in each of the remaining townships specific sums, varying in amounts. This order was made pursuant to subdivision 14 of section 183 of " an act to establish a uniform system of county and township governments," approved March 13, 1891 (Laws 1891, p. 377), which subdivision reads as follows: "14. Constables, a salary to be fixed by the board of supervisors, and paid monthly out of the salary fund, as the salaries of the county officers are paid, such salary to be in full compensation for all services of any kind, nature, or description required of them by law in

criminal cases; and said constables shall be allowed to charge and receive for their own use such fees as are now or may hereafter be allowed by law for all services performed by them in civil cases. The provisions of this subdivision shall take effect from and after the approval of this act." Section 183, of which the foregoing subdivision is a part, relates only to counties of the twenty-first class, to which class the county of Santa Barbara belongs. Alonzo Crabb and C. H. Kelton were duly elected constables of township No. 2, in said county, for the term of two years, beginning on the fifth day of January, 1891, three months and five days before the date of the order. Prior to the commencement of the action, the defendant, as county auditor, had drawn several warrants to each of said constables for monthly installments of forty dollars each, and this suit was brought to enjoin the further issuance of warrants under said order.

The complaint, in addition to the foregoing facts, alleged that the compensation for services rendered by constables in criminal cases in said county was fixed by section 23 of an act entitled "An act to regulate fees of office and salaries of certain officers, and to repeal certain other acts in relation thereto," approved March 5, 1870; that the fees to which said constables were legally entitled were less than the said sum of forty dollars per month; that the board of supervisors had no authority of law to make said order; and that it was in violation of sections 5 and 9 of article XI. of the constitution of the state of California, and therefore null and void.

The defendant interposed a general demurrer to the complaint, which was properly overruled, and thereupon filed an answer admitting the making of said order by the board of supervisors, averring that they had authority to make it, that said constables were entitled to the compensation thereby fixed, and further alleging that said compensation was less than that they had theretofore received, or would have been entitled to receive under the act of 1870. Plaintiff moved for judg-

ment on the pleadings, which was granted, and defendant appeals.

There is no question that the order of the board of supervisors conformed to subdivision 14 of section 183 of the said act of 1891, and therefore the sole question is as to the constitutionality of that subdivision of said section.

The answer having raised an issue as to whether the compensation of these officers was increased or diminished by the order, the answer alleging affirmatively that it was less, plaintiff's motion for judgment on the pleadings admitted this averment of the answer. (*Fleming* v. *Wells,* 65 Cal. 339; *Ward* v. *Flood,* 48 Cal. 46; 17 Am. Rep. 405; *Taylor* v. *Palmer,* 31 Cal. 257.) It follows, therefore, that the order in question cannot be held violative of section 9 of article XI. of the constitution, which prohibits an increase of salary of an officer after his election or during his term of office.

Said subdivision 14 of section 183 of said act, upon the constitutionality of which the validity of said order depends, is, however, clearly obnoxious to section 5 of article XI. of the constitution, as alleged in the complaint. This section of the constitution is as follows: " The legislature, by general and uniform laws, shall provide for the election or appointment, in the several counties, of boards of supervisors, sheriffs, county clerks, district attorneys, and such other county, township, and municipal officers as public convenience may require, and shall prescribe their duties and fix their terms of office. It shall regulate the compensation of all such officers in proportion to duties, and for this purpose may classify the counties by population."

In the recent case of *Dougherty* v. *Austin,* 94 Cal. 601, in which the opinion upon rehearing was filed May 30, 1892, this provision was carefully considered and very fully discussed. In that case the question arose upon an order made by the board of supervisors of Marin County, providing for the appointment of a deputy county clerk, at a salary of fifty dollars

per month, payable out of the county treasury, which order was made under section 211 of the County Government Act as amended in 1887. (Stats. 1887, p. 207.)

That case, it is true, also involved the consideration of section 9 of article XI., which, as we have seen, does not arise in this case; but in all other respects the questions in that case and in this are the same. In *Doughe₁ty* v. *Austin*, it was held that section 5 of article XI., above quoted, imposed upon the legislature the duty of regu-ating the compensation of the officers there named or designated in proportion to duties; that this provision was mandatory, and could not be delegated to the board of supervisors; and under the authority of that case, subdivision 14 of said section 183 must be held to be in conflict with section 5 of article XI. of the constitution, and therefore void.

Judgment affirmed.

McFARLAND, J., did not take part in the decision.