[No. 19260.  In Bank.— September 26, 1893.]

# BOARD OF LAW LIBRARY TRUSTEES OF ORANGE COUNTY, PETITIONER, *v.* BOARD OF SUPERVISORS OF ORANGE COUNTY, RESPONDENT.

LAW LIBRARIES — CONSTITUTIONALITY OF STATUTE — DISCRETIONARY POWER OF SUPERVISORS. — The legislature had the power to enact the act approved March 31, 1891, to establish law libraries, and to provide therein that counties might come within or remain without the provision of the act, as the boards of supervisors of the respective counties might determine.

ID. — COUNTY ORDINANCE ADOPTING STATUTE — REPEAL INEFFECTIVE. — When a county has once by ordinance come within the provisions of the act to establish law libraries, it is there for all purposes, and cannot thereafter evade the force and effect of the statute by a repeal of the ordinance adopting its provisions.

ID. — MANDAMUS — LIBRARY ROOMS. — When the board of supervisors of a county which has once adopted the provisions of the act of March 31, 1891, fails to provide a suitable or sufficient library room, the board of law library trustees of the county may by writ of mandate compel the board of supervisors to provide such room.

APPLICATION to the Supreme Court for a writ of mandate.

The facts are stated in the opinion of the court.

*J. W. Towner, D. M. Baker, Z. B. West,* and *H. A. Pierce,* Plaintiffs in *pro per.*

*James G. Scarborough,* for Defendants.

GAROUTTE, J. — This is an application for a writ of mandate. The matter is before us upon a demurrer to the petition, and the merits of the proceeding may be fully determined by a consideration of the facts relied upon by petitioner for the issuance of the writ.  The writ is asked to issue against the board of supervisors of Orange County, requiring them to provide a library room for the use of the law library created under the statutes of this state.  (See Stats. 1891, p. 430.)

The petition alleges the establishment of the library as provided by the statute; that there is no suitable room for the use of said library; that the board of supervisors furnished some shelving, enclosed by doors, upon which the books were placed in a large room, one hundred feet by twenty-five feet, which was used by the principal county officers of the county for the performance of their official duties, and also for the meetings of the board of supervisors; that said room has no partitions other than desks and railings; that said shelves are

located on one side of said room and about midway from front to rear thereof, and between the space occupied by the county clerk and county auditor; that access to the books is obstructed and rendered greatly inconvenient by furniture and other articles occupying said room and that the books cannot be consulted or used with reasonable convenience, or in any proper or satisfactory manner. The petition further states, "That on the fifth day of May, 1891, said board of supervisors duly passed an ordinance, No. 14, and which is in the words and figures following:—

"The board of supervisors of the county of Orange do ordain as follows:—

"Sec. 1. The provisions of the act entitled 'An act to establish law libraries' of the laws of 1891 of the state of California, and approved March 31, 1891, are hereby made applicable to the county of Orange." It is further alleged that on the sixteenth day of May, 1893, the said board of supervisors undertook to repeal and annul said ordinance No. 14, by an ordinance, No. 23, which is in the words and figures following:—

"The board of supervisors of the county of Orange do ordain as follows:—

"Sec. 1. Ordinance No. 14 of the county of Orange, entitled 'An ordinance making applicable to the county of Orange the act of the legislature of the state, entitled "An act to establish law libraries," approved March 31, 1891, is hereby repealed.'"

It is further stated that demand upon the board of supervisors had been made to provide a suitable room for such law library, but the demand has been refused.

Section 9 of the act of 1891 provides: "The board of supervisors of any such county shall provide a library room for the use of such library, whenever such room may be demanded by such board of trustees." And section 14 contains the following provision: "And provided further that it shall be discretionary with the board of supervisors of any county to provide by ordinance for the application of the provisions of this act to such county."

It will be observed that the board of supervisors, acting under the clause of the section last quoted, brought Orange County within the provisions of the act by passing the ordinance to which reference has been made.

To defeat this application for the writ it is insisted: 1. That

the act of 1891 is unconstitutional.   2.  That the board of supervisors, by ordinance, repealed the prior ordinance bringing the county within the provisions of the act, and by reason of such repeal the county occupied the same position as if no ordinance had ever been passed.   3.  The room furnished is sufficient for the purpose contemplated.

We think the legislature had the power to provide in the act that counties might come within or remain without the provisions of the act, as the boards of supervisors of the respective counties might determine.   It is not necessary to enter into a discussion of the constitutionality of this law in that regard, for in the recent case of *People* v. *McFadden*, 81 Cal. 489; 15 Am. St. Rep. 66, involving the constitutionality of the act creating the county of Orange, there is found an exhaustive discussion of the same principle, with the citation of many cases bearing upon the question.   Among other things it is there said: "Not only had the legislature the power to provide upon what condition or contingency the provisions of the act might be carried into effect, but also to provide within what time it must be done, if done at all."

It is also plain that the attempted repeal of the ordinance declaring Orange County within the provisions of the act was of no avail.   When Orange County once came within the provisions of the act, it was there for all purposes; as fully and completely there, as if it had passed directly under its provisions at the date of the original enactment.   We do not perceive how it can evade the force and effect of the statute of the state (which, after the passage of ordinance No. 14, applied to it) in any different manner or to any greater extent than it can escape the force and effect of any other statute of the state.   If it can do so in this instance it has the power to disorganize, for it was created under an act involving the same principle.

As to the third contention, from the facts recited we have no hesitancy in saying that the room used as a library room is not sufficient, and not such as is contemplated by the statute.   The board should provide a suitable library room.

The writ should issue, and it is so ordered.

McFarland, J., Harrison J., Paterson, J., De Haven, J., and Fitzgerald, J., concurred.