## KELLEY v. SERSANOUS, County Treasurer.

### Sac. No. 166; October 6, 1896.

#### 46 Pac. 299.

County Treasurer—Action to Compel Payment of Warrant—Evidence.—In an action to compel a county treasurer to pay a warrant, plaintiff alleged that under a contract with the county he had collected certain money due it, for which his compensation was to be fifty per cent; that he presented his claim to the supervisors, who allowed it; that the auditor drew a warrant, and that the treasurer refused to pay it. The answer denied any agreement with plaintiff except a certain written contract, substantially as alleged by plaintiff. The answer averred that such contract was ultra vires and void, denied that plaintiff rendered any services under the contract, and alleged that the county from which the money was collected had instituted an action to recover it back, and that the same was still pending. The contract with plaintiff did not, on its face, appear to

be ultra vires or void. Held, that the pleadings made a prima facie case in favor of plaintiff, and the burden of proof was on defendant to show facts, if any existed, to defeat the case thus made.[1]

APPEAL from Superior Court, Glenn County; Frank Moody, Judge.

Petition by K. E. Kelley for a writ of mandate to compel J. F. Sersanous, treasurer of Glenn county, to pay a warrant drawn on said treasurer by the county auditor, and payable to petitioner. From a judgment in favor of defendant, petitioner appeals. Reversed.

John T. Harrington for appellant; George D. Dudley for respondent.

SEARLS, C.—Writ of mandate to compel the defendant, as treasurer of the county of Glenn, to pay a warrant for $811.36, drawn upon the said treasurer by the county auditor, and payable to petitioner. Defendant had judgment in the court below, from which judgment plaintiff appeals.

At the trial the plaintiff or relator read to the court his petition and the answer thereto, and rested his case. Thereupon defendant declined to introduce any evidence, and the cause was submitted to the court, and thereafter it filed written findings, specifying that the ''contract alleged and set out in the answer of the defendant, and alleged as the contract upon which the claim of the plaintiff and relator is based, is ultra vires and void.'' The question involved in the case is this: Under the pleadings, upon whom did the burden of proof rest? Had the plaintiff moved the court for judgment upon the pleadings, he would, in effect, have admitted that all of the averments of the answer were true: Ward v. Flood, 48 Cal. 36, 17 Am. Rep. 405; Fleming v. Wells, 65 Cal. 339, 4 Pac. 197; People v. Johnson, 95 Cal. 474, 31 Pac. 611; McGowan v. Ford, 107 Cal. 177, 40 Pac. 231. He did

---

[1] Cited with approval in Knight v. City of Eureka, 123 Cal. 194, 55 Pac. 769, the court holding, however, that it gave no warrant to a municipality to empower the attorney selected by it to select and employ another attorney to assist him.

Cited with approval in Merriam v. Barnum, 116 Cal. 623, 48 Pac. 728. In that case, though, the attorney had been employed to attend the board and advise it on a variety of matters at a monthly salary, and the claim was not sustained.

not, however, thus move the court, but contented himself with submitting his case upon the admissions of the pleadings, upon the theory that under such pleadings the burden of proof was cast upon the defendant. The following is a summary of so much of the pleadings as are important for the purpose in view. The petition for the writ of mandate shows, among other things: (1) Defendant is treasurer of Glenn county. (2) That on the fifteenth day of November, 1892, the board of supervisors of Glenn county, being advised that said Glenn county had divers claims and demands against the county of Colusa, entered into an agreement with petitioner whereby they employed him, as an attorney at law, to collect the same, by action at law or otherwise, for the use of Glenn county, and for his compensation he was to receive fifty per cent, or one-half, of all he should collect. (3) That he performed services under said agreement, whereby there was paid into the state treasury, for the credit of Glenn county, in November, 1894, on account of railroad taxes, under what is known as the "Reassessment Act," in cases where former assessments were void, etc., the sum of $1,622.72. The fourth, fifth, sixth, seventh and eighth paragraphs of the petition, all of which are by the answer and findings of the court admitted and found to be true, are statements in apt words and proper form of the making and filing with the clerk of petitioner's claim for one-half of the sum collected, viz., for $811.36, duly verified, etc.; the consideration thereof by the board of supervisors, and the allowance thereof by said board, and an order for its payment; the drawing of a warrant therefor by the auditor in his favor on the common fund; the presentation thereof to the county treasurer, and the indorsement thereon by the treasurer, "Not paid, for the want of funds"; that on June 13, 1895, there were in the treasury funds to pay said warrant, and demand of payment thereof, and refusal of the treasurer to make such payment. The answer denies that there was any agreement with petitioner except a certain written contract, which is set out in haec verba, and which, not being denied, as provided by section 448 of the Code of Civil Procedure, is to be taken as admitted. This contract, which is duly executed and approved by the district attorney, recites that the board of supervisors of Glenn county, by and with the advice and consent of the district attorney, agrees and contracts with K. E. Kelley that all debts, dues and de-

mands within the province and power of the board against
the county of Colusa, growing out of the division of Colusa
county and the formation of Glenn county, and due to said
Glenn county, are turned over to Kelley for collection, and
he is authorized to sue therefor in the name of Glenn county,
and to take all necessary steps to recover the same. Kelley
is to pay all costs and expenses, and to give a bond to hold
Glenn county harmless therefrom. Suit to be brought on or
before May 1, 1893, and to be diligently prosecuted, unless a
satisfactory settlement is reached before the last-named date.
Kelley to receive one-half of all sums collected (except school
moneys) ; the other half to be turned over to Glenn county.
The answer avers this contract "so entered into by the board
of supervisors, was ultra vires and void." The answer sets
up other defenses, among which are: (1) That it denies, on
information and belief, that Kelley rendered any services
under the contract, but that the sum of $1,622.72 was appor-
tioned to Glenn county by the state board of equalization on
account of back taxes collected from a railroad company upon
its road extending through said Glenn county. (2) That
Colusa county claims this identical money from Glenn county,
has instituted an action to recover the same, which is pending
and undetermined, etc.

In McGowan v. Ford, 107 Cal. 177, 40 Pac. 231, it was
held, in substance, that where it is averred in the petition,
and not denied, that the board of supervisors allowed the
claim, and ordered a warrant drawn therefor, and that a
warrant was regularly drawn by the auditor, and delivered to
the petitioner, it must be presumed that official duty in allow-
ing and issuing the warrant was regularly performed, and the
burden of proof is upon the treasurer to show that he was
justified in refusing payment, and it does not rest upon the
plaintiff to show, by affirmative proof, that the board of
supervisors had jurisdiction to issue the warrant, merely be-
cause the averments of the answer show that the board of
supervisors had no jurisdiction to allow the claim. McFar-
land v. McCowen, 98 Cal. 329, 33 Pac. 113, and Colusa Co.
v. De Jarnett, 55 Cal. 375, are to like effect. This doctrine
is subject to the exception that, if it appears on the face of
the claim that it is one over which the board of supervisors
had no jurisdiction, or that they acted in excess of their juris-
diction, the auditor may refuse to draw his warrant in pay-

ment of the claim, or, having done so, the treasurer may refuse payment: Linden v. Case, 46 Cal. 171; Merriam v. Board, 72 Cal. 518, 14 Pac. 137; Carroll v. Siebenthaler, 37 Cal. 193; McFarland v. McCowen, supra. There is no brief on file on behalf of defendant, and, if the contract set out in the answer is ultra vires the powers of the supervisors, we fail to see wherein. It is substantially such a contract as was upheld in Lassen Co. v. Shinn, 88 Cal. 510, 26 Pac. 365. We are of opinion that the due allowance of the claim by the board of supervisors for the services of petitioner as an attorney (the fact that he is an attorney at law is not denied), and the presentation to the treasurer of a warrant therefor in favor of petitioner, issued in due form by the auditor, when there were funds in the treasury applicable to the payment thereof, made a prima facie case in favor of the petitioner; and, these facts being admitted, the burden of proof was cast upon the treasurer to show facts, if any existed, to defeat the case thus made. It follows that the judgment should be reversed and a rehearing had.

We concur: Britt, C.; Belcher, C.

PER CURIAM.—For the reasons given in the foregoing opinion the judgment is reversed and a rehearing had.