[Civ. No. 4073. Fourth Dist. May 5, 1950.]

ROY BROOKS, Appellant, v. GLADYS STEWART, as
County Clerk, etc., Respondent.

Maddox & Abercrombie and Erling H. Kloster for Appellant.

Ralph N. Nickerson, County Counsel, and Frank B. Snyder, Deputy County Counsel, for Respondent.

GRIFFIN, Acting P. J.—Petitioner is the incumbent holder of the consolidated office of coroner-public administrator of Tulare County. The consolidated office was created by ordinance Number 19 of that county, adopted in 1886. In December, 1949, the board of supervisors thereof passed two ordinances Numbers 410 and 412. Number 410 consolidated the duties of the office of district attorney and the public administrator, and Number 412 consolidated the duties of the office of the sheriff and coroner, pursuant to section 24300 of the Government Code. They provided that the consolidation should take effect on the first Monday after the first day of January, 1951, and that the ordinances should take effect on the 13th day of January, 1950. Petitioner has presented nomination papers in due form for the office of coroner-public administrator to respondent, the County Clerk of Tulare County. She refused to accept and file his nomination papers · on the ground that said office no longer exists. Petitioner seeks this writ to require her to accept and file his nomination papers.

After the filing of a motion to strike, demurrer, and answer in the superior court, the trial court, upon hearing the demurrer, sustained it without leave to amend, and dismissed the proceeding. The appeal is from the judgment of dismissal. On this appeal, as in the trial court, petitioner challenges first the constitutionality of chapter 7 of part 1 of division 2 of the Government Code, and particularly as to section 24300 thereof, which provides that:

"COMBINATIONS AUTHORIZED. By ordinance the board of supervisors may consolidate the duties of certain of the county offices in one or more of these combinations: . . . (m) Public administrator and coroner . . . (p) Sheriff and coroner. . . ."

Section 24301 reads: "Reconsolidation: Separation. If the duties of officers are consolidated pursuant to this chapter, the

board of supervisors, by ordinance, may elect to separate the duties so consolidated, and reconsolidate them in any other manner permitted by this chapter or separate the duties without reconsolidation, and provide that the duties of each office shall be performed by a separate person, if it deems the change to be in the public interest.'' (These sections were added by Stats. 1947, chap. 424, § 1, pp. 1104-5.)

In this respect petitioner claims that section 24300, *supra*, unlike former section 4017 of the Political Code after which it was patterned, fails to contain the necessary provision actually consolidating the duties of the several offices therein mentioned. It is claimed that section 24300 leaves the question of consolidation of the duties to the discretion of the board of supervisors and is therefore an unconstitutional delegation of the powers and duties of the Legislature under article XI, section 5 of our Constitution, and that any ordinance passed pursuant to that section is void, citing *People* v. *Johnson,* 95 Cal. 471 [31 P. 611]; *Dwyer* v. *Parker,* 115 Cal. 544 [47 P. 372]; *Ex parte Beck,* 162 Cal. 701 [124 P. 543]; *People* v. *McFadden,* 81 Cal. 489 [22 P. 851, 15 Am.St.Rep. 66]; Cooley's Constitutional Limitations, 8th ed., pp. 227-8; *Board of Law Library Trustees* v. *Board of Supervisors,* 99 Cal. 571 [34 P. 244], holding in principle that the powers conferred upon the Legislature by the Constitution are mandatory and may not be delegated. It is accordingly claimed that the people, through the constitutional provision, gave the Legislature not only the power but also the duty to provide for the election, prescribe the duties, and fix the terms of office of the county officers here involved; that notwithstanding this mandate the section attempts to delegate authority to fix both the manner of election and the duties of the offices in question and that the attempted delegation of the power to consolidate the offices here involved is a tampering with the duties and mode of election of the county officers. It is also argued that the consolidation changes the qualifications necessary to the office of public administrator because he must now, under the consolidation, be an attorney at law, citing Government Code, section 24002, and that such duty, under article XI, section 5 of the Constitution, is vested in the Legislature and may not be delegated to the board of supervisors, citing such cases as *Dougherty* v. *Austin,* 94 Cal. 601 [28 P. 834, 29 P. 1092, 16 L.R.A. 161]; *People* v. *Johnson,* 95 Cal. 471 [31 P. 611]; *Dwyer* v. *Parker,* 115 Cal. 544 [47 P. 372]; *People* v. *Wheeler,*

136 Cal. 652 [69 P. 435]; *Coulter* v. *Pool,* 187 Cal. 181 [201 P. 120]; *Forward* v. *County of San Diego,* 189 Cal. 704 [209 P. 993]; *Arnold* v. *Sullenger,* 200 Cal. 632 [254 P. 657]; Cooley's Constitutional Limitations, 8th ed., p. 224; *Cleland* v. *Superior Court,* 52 Cal.App.2d 530, at 535-536 [126 P.2d 622]; *County of Los Angeles* v. *Lopez,* 104 Cal. 257 [38 P. 42]; *County of El Dorado* v. *Meiss,* 100 Cal. 268 [34 P. 716]; and *Logan* v. *Shields,* 190 Cal. 661 [214 P. 445].

Many of the cited cases deal with the attempt of the Legislature to delegate to the counties the power to fix compensation of county offices prior to the amendment of article XI, section 5 of the Constitution in 1933 (Stats. 1933, chap. 71, p. 3087), permitting a limited delegation of power in this regard. Other cases hold that the board of supervisors may not create new offices.

Article XI, section 5 of the Constitution provides generally that "The legislature, by general and uniform laws, shall provide for the election or appointment, in the several counties, of boards of supervisors . . . and such other county . . . officers as public convenience may require, and shall prescribe their duties and fix their terms of office." The Legislature did, under the authority granted it, provide for and create the public offices therein mentioned, prescribed their duties, fixed their terms of office and among them is the office of coroner and the office of public administrator. (Pol. Code, § 4013; 7 Cal.Jur., p. 421, § 23; (Coroner's duties), Pen. Code, § 1510; Code Civ. Proc., § 195; 6 Cal.Jur., pp. 541-3, §§ 2, 3; and (public administrator's duties), 12 Cal.Jur., pp. 272-3, §§ 1001-2.)

Section 24300, herein involved, does not attempt to delegate to the board of supervisors the power of the Legislature to create a public office because such office has already been created by the Legislature. That section does not attempt to delegate the power to such board to fix the term of office nor to prescribe the duties thereof. It only permits such board to *consolidate* the *duties* of such offices already created by it, and in one or more combinations specified. However, the board may elect to *separate* the respective duties that are thus consolidated. There is no constitutional provision prohibiting the Legislature from providing a method of consolidating such offices, or to prevent it from prescribing the manner in which it shall be effected.

A like question was raised in *Ogle* v. *Eckel,* 49 Cal.App.2d 599 [122 P.2d 67], involving the construction of section

4041.12a of the Political Code providing that in counties of a certain classification "a county counsel *may be* appointed by the board of supervisors" etc. This court there held that the state may, through its Legislature, and in the exercise of its sovereign power and will, in all cases where the people themselves have not restricted nor qualified such exercise of that power, apportion and delegate to the counties any of the functions which belong to it. It further held that the section was not invalid as a delegation by the Legislature to the board of supervisors of authority to appoint a county counsel, and was not in violation of article XI, section 5 of the Constitution, as amended in 1933. In that case the purpose for the adoption of the amendment to that section of the Constitution was pointed out as being for the purpose of vesting more power in the board of supervisors and to make the government of the county more responsible to local demands. In the interests of economy and for other reasons, since 1873, boards of supervisors have been consolidating various offices either by statutory authority or by exercising an option, and this legislative authority has never, according to any reported decision brought to our attention, been successfully challenged. It would be a strained construction to now hold that section 24300 of the Government Code was inoperative to confer this right upon the board of supervisors of the several counties.

When a board of supervisors consolidates the duties of certain offices under Government Code, section 24300, such board has not literally *provided* for an election, nor *prescribed* any duties, nor *fixed* any term of office, nor prescribed any qualification. The Legislature must be deemed to have contemplated in advance the several incidental results of each prescribed combination of duties.

We therefore conclude that the section is not unconstitutional and that it cannot be said that such section lacks uniformity of operation. (*Watson* v. *Greely,* 67 Cal.App. 328, 344 [227 P. 664].; *Scott* v. *Boyle,* 164 Cal. 321, 326 [128 P. 942].)

The next point is that the two ordinances under attack, attached to the complaint as exhibits, should have first separated the offices of coroner-public administrator before consolidating them with the offices of sheriff and district attorney, respectively, and should have done so in express terms. While this procedure would have been proper, and might have been preferable, we do not consider it vital. The ordinances ex-

pressly recite that the duties of the named offices "are hereby consolidated" pursuant to section 24300 of the Government Code. It is quite apparent that when the board of supervisors passed the ordinances and combined the duties of the office of public administrator with that of district attorney, and the duties of the office of coroner with that of sheriff, that the duties of the offices of public administrator and coroner were thereby "separated." It was not necessary to the validity of the ordinances that the board should distinctly and explicitly make the separation before the reconsolidation if the intention to do so was apparent. In interpreting an ordinance, an interpretation which gives effect is preferred to one which makes it void, and the court should diligently seek for the interpretation which will give it effect. (*In re Maki,* 56 Cal. App.2d 635, 643 [133 P.2d 64]; *In re Haines,* 195 Cal. 605, 613 [234 P. 883]; Lewis Sutherland on Statutory Construction, 2d ed., § 376, p. 721; *Pool* v. *Simmons,* 134 Cal. 621, 624 [66 P. 872]; *People* v. *Steel,* 35 Cal.App.2d Supp. 748, 751 [92 P.2d 815]; Civ. Code, § 3541.)

Appellant's next complaint is that the ordinances are void because they omit an allegation therein that "public interest" requires such action. Section 24301 states such consolidation or separation of duties may be brought about if the board "deems the change to be in the public interest." It is appellant's position that it was necessary for the board to have given prior public notice and to have afforded a full public hearing on the matter and to specifically make such a finding in the ordinances before it could properly exercise the power granted it by the Legislature. The word "deem," as defined by Webster's Collegiate Dictionary, fifth edition, means: "To have an opinion; to think; judge; suppose." To "find" in law, means to determine and declare an issue. (See *California Employment Com.* v. *Malm,* 59 Cal.App.2d 322, 324 [138 P.2d 744].)

The statute conferring the right to consolidate does not require any previous notice or hearing before the adoption of the ordinance, nor does it require a hearing and finding as to public interest. It has been held that when an ordinance, independent of the purpose expressed, is complete in itself, the expression of purpose may be treated as surplusage. (*In re Volpi,* 53 Cal.App. 229 [199 P. 1090].) An ordinance, passed under the authority of an act of the Legislature, has the force and effect of a law of the state and is to be construed as such. (*City of San Luis Obispo* v. *Fitzgerald,* 126 Cal. 279 [58 P.

699].) The ordinance recites that the "board of supervisors do ordain as follows," and that the ordinance was passed and adopted by it at a regular meeting, duly and regularly convened. Three named supervisors voted for its adoption and two did not vote. It was signed by the chairman and attested by the clerk.

Since there was no legislative requirement for a specific finding on the question of public interest or that such finding must be set forth in the ordinance itself, it must be presumed the board of supervisors deemed it necessary, in the interest of the public, to pass such an ordinance, when such ordinance was duly and regularly adopted in accordance with section 4057 of the Political Code.

The motives of the members of the board of supervisors at the time of passing an ordinance are immaterial on the question of the validity of the ordinance. (*Dobbins* v. *City of Los Angeles*, 139 Cal. 179, 184 [72 P. 970, 96 Am.St.Rep. 95].) It is presumed that the members of the board of supervisors, in making laws, acted with integrity. (*Beach* v. *Von Detten*, 139 Cal. 462, 465 [73 P. 187].)

Judgment affirmed.

Mussell, J., and Shepard, J. pro tem., concurred.

Appellant's petition for a hearing by the Supreme Court was denied June 12, 1950.