[No. 12562.  In Bank. — September 27, 1888.]
COUNTY OF YOLO, RESPONDENT, v. JOHN P. DUNN,
CONTROLLER, APPELLANT.

SUPPORT BY COUNTY OF INDIGENT AGED PERSONS — STATUTORY CONSTRUC-
TION — CONSTITUTIONAL LAW — MANDAMUS TO CONTROLLER. — The act
of 1883 appropriating one hundred dollars per annum for each aged per-
son in indigent circumstances, supported and maintained in any institu-
tion conducted in whole or in part for their support and maintenance,
provided there be not less than ten such persons supported in such insti-
tution, is confined solely to private institutions, and does not apply to
counties, cities, and towns. But article 4, section 22, of the constitution
is self-executing, and appropriates the same pro rata amounts granted
by the legislature to private institutions for the support of orphans and
indigent aged persons, in aid of counties, cities, and towns for similar
purposes, without regard to the number of such persons, or whether all
or any of them are kept in the same public building; and mandamus will
issue to the state-controller to compel payment of such pro rata amounts.

APPEAL from a judgment of the Superior Court of
Sacramento County.

Attorney-General Johnson, for Appellant.

W. J. McGee, and Robert T. Devlin, for Respondent.

BELCHER, C. C. — The county of Yolo requested the
state controller to draw his warrant on the state treasurer
for an amount of money which had been audited and
allowed by the state board of examiners to the county,
for its support and maintenance of aged persons in indi-
gent circumstances. The controller refused to draw the
warrant, and thereupon this proceeding was commenced
to obtain a writ of mandate compelling him to do so.
The court below granted the writ, and hence this appeal.

The constitution provides that "the legislature shall
have the power to grant aid to institutions conducted
for the support and maintenance of minor orphans, or
half-orphans, or abandoned children, or aged persons in
indigent circumstances,—such aid to be granted by a
uniform rule, and proportioned to the number of in-
mates of such respective institutions," and "that when-

ever any county, or city and county, or city, or town shall provide for the support of minor orphans, or half-orphans, or abandoned children, or aged persons in indigent circumstances, such county, city and county, city, or town shall be entitled to receive the same *pro rata* appropriations as may be granted to such institutions under church or other control." (Art. 4, sec. 22.)

In 1883 the legislature passed an act (Statutes of 1883, p. 380), appropriating "to each and every institution in this state, conducted for the support and maintenance of aged persons in indigent circumstances, and either solely for that purpose or in connection with the support and maintenance of minor orphans, half-orphans, and abandoned children, aid as follows: For each aged person in indigent circumstances, supported and maintained in any such institution, the sum of one hundred dollars per annum."

The act then provides how books must be kept, and how claims for aid must be authenticated and must be presented to and audited and allowed by the state board of examiners. And if a claim be audited and allowed, it is made the duty of the controller to draw his warrant for the amount thereof, and of the treasurer to pay the warrant on presentation.

Section 7 of the act provides as follows:—

" In order that the provisions of this act shall not be abused, it is hereby declared:—

"1. That no institution which has less than ten aged indigent persons shall be deemed entitled to aid under this act.

"2. That no person under the age of sixty years shall be deemed an aged person in indigent circumstances, within the meaning of this act.

" 3. That no person, for whose specific support there is paid to any such institution the sum of fifteen dollars or more per month, shall be entitled to aid under this act," etc.

It appears from the petition filed in this case that during the time for which it asked aid the petitioner had supported and maintained twelve aged persons in indigent circumstances, and that seven of them were kept in its county hospital, and five in other places.

It is contended for appellant that all of the provisions of the statute, in reference to private institutions, apply to counties, cities, and towns, and that the latter are not entitled to receive any aid from the state for supporting aged persons in indigent circumstances, unless at least ten such persons are supported and maintained at the same time and in the same institution or place; and it is claimed that, as petitioner supported only seven such persons in its hospital building, the writ was improperly granted.

This contention cannot, in our opinion, be sustained. The statute does not in terms make any provision as to counties, cities, and towns, but is confined solely to private institutions. And the constitution, after providing that the legislature may grant aid to private institutions for the support of orphans and aged indigent persons, goes on to say that whenever such aid is granted, then any county, city, or town, for like services, shall be entitled to receive the same *pro rata* appropriations as may be granted to such institutions. In this, as will be observed, no limitation is found as to the number of persons who must be supported in order to entitle the county, city, or town to receive aid, or as to the place or places where they must be supported.

In *San Francisco* v. *Dunn*, 69 Cal. 73, the same statute and section of the constitution were before the court for consideration, and it was held that, an appropriation having been made by the legislature for the support of aged persons in indigent circumstances by private institutions, the provisions of the constitution as to counties, cities and counties, cities, and towns, become self-executing. Said the court: "The evident intent of the consti-

tution is to vest in the legislature the discretion to grant state aid to institutions for support of orphans and indigent aged persons; and upon the exercise of that discretion to appropriate to the aid of counties, cities and counties, cities, and towns, for similar purposes, *pro rata* amounts."

The case was submitted upon the petition and a general demurrer thereto, and it was thereby admitted that the county provided for the support of all the indigent aged persons for which it asked aid. In our opinion, it was immaterial whether all or any of them were kept in the hospital building. The only material facts were, Were they aged persons in indigent circumstances, and did the county provide for their support and maintenance? These questions being answered in the affirmative, it was evident that the county was entitled to the relief sought.

We think the judgment as entered right, and therefore advise that it be affirmed.

HAYNE, C., and FOOTE, C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the judgment is affirmed.