[No. 13819.   In Bank. — March 31, 1891.]

LASSEN COUNTY, APPELLANT, *v.* A. L. SHINN ET AL., RESPONDENTS.

COUNTIES — POWER OF SUPERVISORS — EMPLOYMENT OF SPECIAL ATTORNEYS. — The board of supervisors of a county may employ counsel, other than the district attorney, to transact the legal business of the county, if in the judgment of the board the public interest will thereby be subserved.

ID. — COLLECTION OF MONEY DUE STATE — SUPPORT OF INDIGENT PERSONS — DISCRETION OF SUPERVISORS — REVIEW BY COURTS. — The employment, by the supervisors of a county, of special counsel to collect money due the county from the state, appropriated by the state for the support of aged indigent persons, is within the discretion and judgment of the supervisors, and is not open to review by the courts.

ID. — CONTINGENT FEE — KNOWLEDGE OF SUCCESS — MISREPRESENTATIONS — EQUITABLE RELIEF. — The fact that the attorneys employed by the supervisors were engaged for a contingent fee, and knew of a decision of the supreme court which would insure success, of which the district attorney and supervisors were ignorant, and that one of the attorneys represented to the supervisors that it was very uncertain whether anything could be collected, and there were considerable risks in the undertaking, is not ground for equitable relief against the payment of the contingent fee.

APPEAL from a judgment of the Superior Court of Lassen County.

The facts are stated in the opinion.

*F. A. Kelley*, for Appellant.

*Shinn & Masten*, for Respondents.

BELCHER, C. — This action was instituted by the district attorney of the plaintiff to recover from the defendants the sum of $416.25, money alleged to have been paid to them out of the plaintiff's treasury without any authority of law, and twenty per cent damages for the use thereof, as provided in section 8 of the County Government Act.   (Stats. 1883, p. 300.)

The court below gave judgment for the defendants on demurrer to the complaint, and the plaintiff appeals.

The facts alleged in the complaint are, in substance, as follows: That the defendants were attorneys at law residing in the county of Lassen, and doing business therein as partners; that on the sixth day of July, 1889, the plaintiff's board of supervisors made and caused to be entered on its minutes an order which reads as follows: "It is ordered that Shinn & Masten be and they are hereby authorized to collect all moneys now due to Lassen County from the state of California on account of keeping indigent persons, and that the auditor draw his warrant in favor of Shinn & Masten for fifty per cent of all moneys collected by them"; that the order was made against the express wishes, advice, and consent of the district attorney, and that the latter asked the board for a reasonable length of time to examine into the question whether there was any money due the county from the state for the support of indigent persons, but the board unlawfully and wrongfully refused his request; that in pursuance of the order the defendants proceeded to collect from the state the moneys due the county for the support of indigent persons, and obtained therefor controller's warrants for the sum of $832.50, which they delivered to the county treasurer; and that in payment for their services, the county auditor then drew his warrant on the county treasurer for the sum of $416.25, which sum was paid to them in full.

And as ground for equitable relief it is alleged that at the time the order above referred to was made the defendant Masten appeared before the board of supervisors and stated to them that he did not know, but thought there might possibly be some money due the county from the state for the support of indigent persons by the county; but as it was very uncertain whether anything could be collected, and there were considerable risks in such undertaking, if the board would enter into an agreement to allow and pay defendants fifty per cent of all moneys collected, they would undertake the collec-

tion and get all they could; that these statements were falsely and fraudulently made, with intent to deceive and mislead the board, and did deceive and mislead and induce the board, to make the order, when it would not otherwise have done so; that before that time the supreme court of the state had decided, in the case of *Yolo County* v. *Dunn*, 77 Cal. 133, that all of the counties were entitled to receive aid from the state for the support of aged persons in indigent circumstances, and that the defendants knew of that decision and of the mode of procedure to obtain the money, but that the district attorney did not know of the decision till some time afterwards.

In our opinion, the ruling of the court upon the demurrer was proper. It is settled law that where a county has legal business to be transacted, its board of supervisors may employ counsel, other than the district attorney, to transact the business, if in the judgment of the board the public interest will thereby be subserved. This is rested upon the ground that the district attorney may be incompetent, or sick, or absent from the county, or engaged in other business, so that he cannot attend to it, or the business to be transacted may be outside of the county. (*Smith* v. *Mayor of Sacramento*, 13 Cal. 533; *Hornblower* v. *Duden*, 35 Cal. 670.) Here the county had a claim against the state for its *pro rata* share of the money appropriated by the state for the support of aged persons in indigent circumstances. But the claim could only be enforced and the money obtained by preparing proper proofs and presenting them to the state board of examiners, and, after the claim should be audited and allowed, obtaining the controller's warrant for the same.

This was business which might well have been supposed to require the services of a competent attorney; and to transact it the board of supervisors seems to have been authorized to employ counsel, other than the dis-

trict attorney, and to pay them such reasonable fee as might be agreed upon. Whether the board exercised good judgment in employing the defendants and agreeing to pay them as it did is a matter which cannot be considered here. Of course, supervisors have no right to waste or give away moneys belonging to the county, or to expend them otherwise than in the interest of the public. In a case like this, however, their judgment and discretion are not open to review by the courts. (*Hornblower* v. *Duden*, 35 Cal. 670.)

The matters set up in the complaint for the purpose of obtaining equitable relief add nothing material to that instrument. The Yolo County case referred to was decided by this court on the 27th of September, 1888. (*Yolo County* v. *Dunn*, 77 Cal. 133.) The defendants, doubtless, knew of that decision before the 6th of July, 1889, and it would seem that the district attorney ought to have known of it. The statements alleged to have been made by Masten to the supervisors were, that "he did not know, but thought there might probably be some money due the county from the state for the support of indigent persons by the county." This might be true, notwithstanding he at the time knew of the decision in the case referred to; and in it and what follows we see nothing which necessarily deceived or misled the board.

The case of *Scollay* v. *County of Butte*, 67 Cal. 249, cited and relied upon by the appellant, is not in conflict with what has been said. On the contrary, it approves and reaffirms the rule declared in *Smith* v. *Mayor of Sacramento*, 13 Cal. 533, and in *Hornblower* v. *Duden*, 35 Cal. 670.

It follows that the judgment appealed from should be affirmed, and we so advise.

Temple, C., and Vanclief, C., concurred.

The Court. — For the reasons given in the foregoing opinion, the judgment is affirmed.