[S. F. No. 892. Department Two.—December 29, 1898.]

GEORGE A. KNIGHT, Appellant, v. CITY OF EUREKA, Respondent.

MUNICIPAL CORPORATION—POWER OF CITY COUNCIL—EMPLOYMENT OF ATTORNEYS—DELEGATION OF POWER.—A city council has power to employ one or more attorneys other than the city attorney to represent the interests of the city in an action to which it is a party, and the council may authorize an attorney employed by it as its agent to engage associate counsel named by the supervisors, if the council exercises its own judgment in determining that the employment of such associate counsel was necessary; but the council cannot delegate to the attorney employed by it, the power or authority to retain another attorney, not named by them, "if, in his judgment, it becomes necessary."

APPEAL from a judgment of the Superior Court of Humboldt County. G. W. Hunter, Judge.

The facts are stated in the opinion of the court.

F. A. Cutler, for Appellant.

A. J. Monroe, for Respondent.

THE COURT.—Action upon an express contract to recover for services as attorney at law. At the close of plaintiff's evidence the court gave judgment of nonsuit, from which plaintiff appeals.

It appears that an action was brought against defendant in the circuit court of the United States, at San Francisco, on January 21, 1886, by certain Chinamen who sued for damages alleged to have been suffered by reason of the destruction of their property by a mob in defendant city on February 27, 1885. These claims aggregated the sum of one hundred and thirty-two thousand eight hundred and twenty dollars. Defendant employed S. M. Buck, Esq., by ordinance of its council, to take charge of the suit. The ordinance recited the pendency of the action against the city and the necessity to retain counsel to defend it, and concluded as follows: "Therefore, it is ordered that S. M. Buck, Esq., be and he is hereby retained and authorized to act for the city of Eureka as its attorney in defense of said action; and he

is also authorized to retain and associate with himself in defense of said action some able attorney and counselor residing in San Francisco, California, if, in his judgment, it becomes necessary. And said S. M. Buck, Esq., is instructed to conduct said defense as economically as it can be done consistent with vigorous and successful defense thereof." Acting under this authority and not otherwise, Mr. Buck retained plaintiff and entered into an agreement with him on March 2, 1889, by which he employed plaintiff as an attorney on behalf of defendant, to assist in the defense of said action, and, "on behalf of defendant, agreed to and with said Knight that said city of Eureka would pay him the sum of five thousand dollars for such retainer and services." Plaintiff "accepted said employment and rendered such services for defendant from time to time in said action during its pendency as were required of him, such services consisting of consultations with S. M. Buck"; and the defendant in that action prevailed. It appeared that the council were not informed of Mr. Knight's employment until after Mr. Buck presented his claim for payment in May, 1889, and not until in 1890, as Mr. Knight testified, at which time he presented his bill to the council. The reason for not sooner informing the council was stated to be that it was thought Mr. Knight could be more serviceable if his employment were kept a secret. He did not appear in court, but did talk with the attorney of the Chinamen about the case in addition to consulting with Mr. Buck. The extent or nature of plaintiff's services, however, do not seem to be material, as he does not sue for their value but upon the contract.

It is also immaterial that Mr. Buck had become the city attorney of defendant when he contracted with plaintiff, for the only claim of authority to make the contract rests upon the ordinance above quoted. The single question in the case is, Was defendant bound by the contract?

The legality of Mr. Buck's employment is admitted. It is also admitted that the council could have legally employed plaintiff to assist Mr. Buck. It is admitted, too, that the council could have authorized and directed Mr. Buck to employ appellant, for in that case the council would have exercised its judgment and discretion in determining that an assistant attorney was necessary and that appellant was the choice of the council to perform

the service. The point of objection to the ordinance seems to be that it substituted the judgment of Mr. Buck for that of the council. It is quite clear that the council did not determine that an additional attorney was necessary; that function was delegated to the employed attorney, Mr. Buck; he was to pass upon the question and to act upon his own judgment as to the expediency or necessity for retaining another attorney.

Conceding the legality of Mr. Buck's appointment, we think it did not carry with it the authority to appoint an assistant attorney, nor could the council delegate its power to make such an appointment. Practically, the authority here delegated left with the agent of the council the discretion to determine the necessity for employing an assistant and to fix his compensation. These were powers which, in our opinion, the council alone could exercise, and therefore, could not be delegated. We find nothing in any of the cases decided by this court, where the power of a municipal corporation to employ counsel was involved, from Smith v. Mayor, 13 Cal. 531, to Merriam v. Barnum, 116 Cal. 619, contrary to this view. The power of boards of county supervisors and of the legislative bodies of cities and towns to employ counsel in certain cases has been frequently passed upon here, but no case has been called to our attention, and we think none can be found, holding that such bodies may appoint an attorney and delegate to him the discretion to employ other attorneys as in his judgment he may deem necessary or expedient, and fix their compensation. The correct principle is stated in Scollay v. County of Butte, 67 Cal. 249, where it was held that the powers conferred upon a municipal corporation involving the exercise of judgment or discretion are in the nature of public trusts, and cannot be delegated to others. There are numerous cases where it has been held that the county boards of supervisors may authorize the employment of an attorney other than the district attorney under certain circumstances, as in Scollay v. County of Butte, supra; Hornblower v.Duden, 35 Cal. 664; Lassen County v. Shinn, 88 Cal. 510; Kelley v. Sersanous (Cal. 1896), 46 Pac. Rep. 299, and some other cases; but in all of them the boards determined the necessity, made the selection and fixed the compensation. In the case before us, the council performed these functions as to Mr. Buck, but no further. The necessity for and the

employment of plaintiff or some other able attorney were left entirely to the judgment and discretion of the attorney employed by the council.   That it exceeded its authority in doing this is, we think, beyond doubt.

We are cited by appellant to section 90 of Mr. Dillon's Municipal Corporations, where it is said that corporations may exercise all the powers within the fair intent and purposes of their creation which are reasonably proper to give effect to powers expressly granted; and in doing this they have a choice of means adapted to ends.   This is true, and it is upon some such principle that the appointment of an attorney by a municipal corporation may be made in certain cases, although the body is already provided by law with a legal adviser.   But no authority can be derived from such an implied power to authorize its delegation. This power to appoint an attorney is one of those incidental powers which of necessity reside in the council in order that its granted powers may be fully exercised, but is one of that class of powers devolved upon the council which in their very nature should be exercised by it, and could not with safety to the public, whose servants the members of the council are, be conferred upon an agent to exercise. No exigency or emergency is likely to arise where full opportunity would not be given the council to act directly in selecting its own attorney or his assistant; and there is every reason why the power to do so should be lodged in the governing body itself. We think the true doctrine is correctly stated by Mr. Dillon at section 96: "The principle is a plain one, that the public powers or trusts developed by law or charter upon the council or governing body, to be exercised by it when and in such manner as *it* shall judge best, *cannot be delegated to others.*"   (See, also, Cooley's Constitutional Limitations, 248.)   The case of *In re Flaherty*, 105 Cal. 558, is cited by appellant, where a city ordinance prohibited the beating of a drum in the public street without the permit of the president of the board of trustees, which permit he was authorized to issue whenever in his judgment it was deemed expedient.   The ordinance was held valid by a majority of the court, mainly, as we understand the prevailing opinion, as an exercise of the police power.   We do not think that case is authority for appellant's contention here.   The two cases rest upon

wholly different reasons. The case now here is also quite unlike that of street superintendents, chiefs of police, and other municipal officers, whose daily duties make it not only reasonable and proper, but necessary, that they should exercise certain delegated powers, such as may be administrative or ministerial in their character. The case of *Huron v. Campbell*, 3 S. Dak. 309, is closely analogous to this. In that case the council authorized the city attorney to "appoint as many assistant attorneys as the mayor of the city may deem necessary to protect and defend in the various courts" certain suits. The ordinance placed the full control and management of all these suits with the mayor. The ordinance was held invalid, while holding that the council had authority itself to employ one or more assistant attorneys. The court said: "In fixing this compensation (*i. e.*, of the city attorney) the city council must exercise its judgment upon that particular question; and, in determining the necessity for an assistant or assistants, the city council must equally exercise its judgment as to the necessity for an assistant or assistants, and the compensation to be allowed him or them."

The judgment is affirmed.