JEWELL BELTING COMPANY v. VILLAGE OF BERTHA.[1]

November 27, 1903.

Nos. 13,644—(164).

**Municipal Corporation—Delegation of Power.**

The governing body of a municipal corporation, charged with the management of its affairs, legislative and administrative, and alone clothed with power and authority to enter into such contracts as are deemed necessary for the welfare of the municipality, cannot delegate to a member or committee thereof functions or powers involving the exercise of judgment and discretion.

**Same.**

Ministerial functions, such as are absolute, fixed, and certain, involving no element of judgment or discretion, may be delegated; but discretionary powers must be exercised by the governing body itself.

**Contracts.**

All persons contracting with municipal corporations are conclusively presumed to know the nature and extent of the authority of the municipal officers with whom they deal.

Appeal by plaintiff from an order of the district court for Todd county, Searle, J., denying a motion for judgment notwithstanding the verdict or for a new trial. Affirmed.

*Benton & Molyneaux,* for appellant.

*Geo. W. Peterson* and *P. V. Coppernoll,* for respondent.

BROWN, J.[2]

Action to recover the value of certain fire extinguishing apparatus alleged to have been purchased of plaintiff's assignor by defendant, in which, on trial, the court below directed a verdict for defendant, and plaintiff appealed from an order denying its alternative motion for judgment notwithstanding the verdict, or for a new trial.

The facts are as follows: Defendant is an incorporated village of the state, and on January 9, 1902, one S. S. Smith, doing business as the Minnesota Rubber Company, appeared before its council with a

[1] Reported in 97 N. W. 424.

[2] START, C. J., absent, sick, took no part.

proposition to sell to the village a hand pump engine for extinguishing fires for the sum of $585. The council was desirous of purchasing an apparatus of the kind, and had previously sought terms and prices from manufacturers. After the submission of a proposition by Smith, the council adopted two motions, as follows:

> "Motion made and seconded that Mr. Smith ship his hand pump engine fire machine subject to approval of village council. Motion carried; all members voting yes."
>
> "Motion made and seconded to authorize the president and recorder to enter into contract with Mr. Smith for the purpose of purchasing hand pump engine and other articles, as per statement at meeting in council room. Motion carried; all members voting yes."

This record discloses the only action taken by the council in reference to the purchase of the engine. What occurred in the council room between the passage of the two motions just quoted does not appear, though counsel state that the proposition contained in the first motion was not accepted by Smith. Pursuant to the authority contained in the second motion, the president and recorder entered into a formal written contract with Smith by which they contracted, on behalf of the village, to purchase the fire apparatus, agreeing to pay therefor the sum of $585; and by this contract the rights of the parties must be determined. The contract so entered into contained a provision that the engine should be subject to test trials satisfactory to the village council before acceptance. Thereafter Smith, acting under the contract, shipped the engine to the village by railroad; but the village council refused, and at all times since have refused, to accept or receive the same. Smith, subsequent to shipping, and after the arrival of the engine at Bertha, appeared and offered to test the same in the presence of the council, but the latter refused to take part in it or carry out the contract made by the president and recorder. Smith afterward assigned his claim under the contract to the plaintiff in this action.

Several questions are discussed in the briefs of counsel, but, as we view it, the case narrows down to one proposition, namely, whether the village council could delegate authority to the president and recorder to enter into a contract on behalf of the municipality for the purchase of

the engine.  If such authority could be so delegated, plaintiff is entitled to recover; otherwise the trial court was justified in directing a verdict for defendant, for it is not shown or claimed that the contract was made or ever ratified by the village council.

The village council, under our statutes, is the governing body of the municipality, charged with the management of its affairs, legislative and administrative, and alone clothed with power and authority to enter into such contracts as are deemed necessary for the public welfare.   The authorities very generally hold that such a body cannot in any case delegate to a member or committee thereof functions or prerogatives of a legislative or administrative character, or involving the exercise of judgment and discretion.   Scollay v. County Co., 67 Cal. 249, 7 Pac. 661;  House v. Los Angeles, 104 Cal. 73, 37 Pac. 796;  Knight v. City, 123 Cal. 192, 55 Pac. 768;  Walsh v. City, 11 Colo. App. 523, 53 Pac. 458;  Dillard v. Webb, 55 Ala. 468;  Blair v. City, 75 Fed. 800, 21 C. C. A. 517;  Thomson v. Mayor, 61 Mo. 282;  Matthews v. City, 68 Mo. 115;  Attorney General v. Lowell, 67 N. H. 198, 38 Atl. 270; Elyria v. City, 57 Oh. St. 374, 49 N. E. 335;  Foster v. City, 60 N. J. L. 78, 36 Atl. 1089;  Phelps v. Mayor, 112 N. Y. 216, 19 N. E. 408.

Merely ministerial functions may be delegated to an officer or committee.   Harcourt v. Common Council, 62 N. J. L. 158, 40 Atl. 690.  But such power as requires the exercise of judgment and discretion must be performed by the body itself.   Ministerial functions are those that are absolute, fixed, and certain, in the performance of which the board or officer exercises no discretion whatever.   Performance may be compelled by mandamus or other appropriate proceedings, but powers and duties involving an exercise of judgment and discretion cannot be so compelled.   This principle was applied by this court in Minneapolis Gaslight Co. v. City of Minneapolis, 36 Minn. 159, 30 N. W. 450.   In that case it appeared that the charter of the city of Minneapolis authorized the city council, by ordinance, to erect lamps and provide for lighting the city, and to create, alter, and extend lighting districts.   It was held that the power so conferred required the exercise of judgment and discretion, and could not be delegated to a committee of the council, either in respect to establishing new lamps or discontinuing those already established.   The reason for this rule is found in the fact that members of the council are chosen by the people to represent the

municipality, charged with a public trust and the faithful performance of their duties; and the public is entitled to the judgment and discretion, in all matters where such elements enter into transactions on behalf of the municipality, of each member of the body upon which authority to act is conferred.

In the case at bar the purchase of a fire engine to aid in the extinguishment of fires occurring in the village, incurring an indebtedness in such purchase, and fixing the time and terms of payment, involved the exercise of the sound judgment and discretion of the village council; and, within the authorities cited, the power to so contract could not be delegated to the president and recorder. It follows, therefore, that the trial court was right in directing a verdict for defendant. There is no controversy about the facts. They are undisputed, and substantially as we have outlined above. Of the want of authority on the part of the council to authorize the president and recorder to enter into the contract, Smith was required to take notice. All persons contracting with municipal corporations are conclusively presumed to know the extent of authority possessed by the officers with whom they are dealing. 20 Am. & Eng. Enc. Law (2d Ed.) 1183; Newbery v. Fox, 37 Minn. 141, 33 N. W. 333. While ordinarily the acts of public officers are presumed to be authorized by law, want of authority affirmatively appears in this case, and the presumption is overcome and does not apply.

Order affirmed.