## STEWART v. CITY OF GOSHEN.

[No. 11,834.   Filed April 2, 1924.]

1.   MUNICIPAL CORPORATIONS.—*Common Councils.*—*Delegation of Authority to Make Contracts.*—*Statute.*—While §8923 Burns 1914, Acts 1905 p. 217, §251, provides that committees may be appointed by city councils "to direct and supervise" municipally owned public utilities, it does not confer express authority on such committees to employ superintendents therefor, but, on the contrary, implies that a superintendent shall be selected and employed by the counsel itself, thus securing the judgment and discretion of the entire body, and the council has no authority to delegate such power to a committee.   p. 317.

2.   MUNICIPAL CORPORATIONS.—*Common Councils.*—*Committees Thereof.*—*Powers of.*—*Salary of Superintendent of Water-Works.*—*Statute.*—Section 8923 Burns 1914, Acts 1905 p. 217, §251, expressly provides that the salaries of clerks and employees and superintendent of a municipally owned water-works "may" be fixed by ordinance, but, as the word "may" must be held to be mandatory when the interest of the public is involved, it must be construed to require that such salaries must be fixed by ordinance and cannot be fixed by the council committee in charge of such works.   p. 318.

From Elkhart Superior Court; *William B. Hile,* Judge.

Action by Joseph H. Stewart against the city of Goshen. From a judgment for defendant, the plaintiff appeals. *Affirmed.*

*Guy W. Dausman,* for appellant.

*Clell E. Firestone* and *Vail & Simpson,* for appellee.

BATMAN, J.—Appellant brought this action against appellee to recover a balance due on an alleged contract. The complaint is in a single paragraph and alleges, in substance, among other things, that appellee is now, and has been for many years, a municipal corporation of this state; that on August —, 1919, it was a city of the fifth class, and owned and operated a water pumping plant and an electric generating plant for the benefit of its citizens, the management and control of which, under the law, developed upon the common council of appellee; that its common council "entrusted and delegated the management and control of said plants to a committee of three members of its body, known and designated as 'The Committee on Water and Light', which committee had full and complete charge, custody and control of the management and affairs of said plant"; that on said August —, 1919, appellant entered into an oral agreement with said committee, by the terms of which he accepted employment, as manager and general superintendent of said plants, and was to receive as compensation for his services as such, the sum of $200 per month, and, in addition thereto, a further sum equal to ten per cent. of the net increase in the profits of said plants over the profits therefrom for the year ending September 1, 1919, comparisons and calculations to be made by corresponding months; that appellant served appellee under said contract from September 1, 1919, continuously until January 1, 1922, and that it accepted his labor and services thereunder; that an audit of the books of appellee shows that ten

per cent. of the net increase in the profits of said plants during said period, over the year ending September 1, 1919, calculated according to the terms of his contract with said committee, amounts to the sum of $2,844; that the services rendered by appellant for appellee under said contract are reasonably worth said sum, in addition to the $200 per month which he has received therefor; that appellant, on and prior to July 29, 1922, made demand of appellee for the payment of said additional compensation, and on said last named date, filed a claim therefor with the clerk of said city, which was disallowed, although the same was then, and is now, long past due and wholly unpaid; that the common council of appellee never fixed any compensation for the superintendent of its public utilities by ordinance or resolution, and that the records of the proceedings thereof nowhere make any reference whatever to a salary for such superintendent. The usual prayer for judgment follows, including an accounting. Appellee filed a demurrer to the complaint for want of facts, which was sustained, and, appellant refusing to plead further, judgment was rendered against him. This appeal followed based on the adverse ruling stated.

It will be observed that this is an action in which there is an attempt to bind appellee by a contract, alleged to have been made on its behalf by a committee of its common council. The general rule with reference to the authority of common councils to delegate their power to make contracts on behalf of the municipalities they represent need not be considered here, as we have a specific statute regulating the operation of municipally owned public utilities, and the employment of superintendents therefor. This statute provides, among other things, as follows:

"When any city or town shall own or operate gas works, electric light works, water works, or heating or

power plant * * * such city or town may establish rules or ordinances for their management and control, and may by its board of public works or committee of such common council or of such board of trustees, as in other cases, direct and supervise the same; and such board of public works, as in other cases, and any such common council or board of trustees, may employ superintendents, clerks or other employes, *as may be necessary and proper,* to manage and conduct such works, *at and for such compensation as may be fixed by ordinance."* (Our italics.)    §8923 Burns 1914, Acts 1905 p. 217, §251.

It will be observed that this statute, while providing that committees may be appointed to *direct and supervise* municipally owned public utilities of the kinds

1.   therein mentioned, does not confer express authority on such committees to employ superintendents therefor.    There is no ground for a contention that such authority may be implied from that given, in view of the clause following the one providing for such committees, which expressly confers the authority to employ superintendents on common councils of cities, coupled with a condition which requires the exercise of discretion and judgment, as disclosed by the presence of the phrase "as may be necessary and proper." This being true, the common council of appellee had no power to delegate the authority thus conferred, as the language of the statute clearly shows that it was the legislative intent that the several members of the common council should exercise their deliberative and concerted discretion and judgment as to such employment. This is in harmony with the well-settled rule, generally recognized and applied, as disclosed by the following authorities.    *City of Sullivan* v. *Cloe* (1917), 277 Ill. 56; *Schwartze* v. *Camden* (1910), 77 N. J. Eq. 135, 75 Atl. 647; *Edwards* v. *Kirkwood* (1910), 147 Mo. App.

599, 129 S. W. 378; *Mayor, etc.*, v. *Wollman* (1914), 123 Md. 310, 91 Atl. 339; *Jewell Belting Co.* v. *Village of Bertha* (1903), 91 Minn. 9, 97 N. W. 424; *Donnelly* v. *City of New Haven* (1919), 95 Conn. 647, 111 Atl. 897; *Neill* v. *Gates* (1899), 152 Mo. 585, 54 S. W. 460; *Lotspeich* v. *Mayor, etc.* (1918), 141 Tenn. 113, 207 S. W. 719. As said by the court in the case of *Jewell Belting Co.* v. *Village of Bertha, supra,* and quoted with approval in the case last cited: "The reason for this rule is found in the fact that members of the council are chosen by the people to represent the municipality, charged with a public trust and the faithful performance of their duties; and the public is entitled to the judgment and discretion, in all matters where such elements enter into transactions on behalf of the municipality, of each member of the body upon which authority to act is conferred." For this reason alone, the complaint fails to show that appellant has a cause of action against appellee.

There is still another reason for holding that the contract on which this action is based cannot be sustained, and that lies in the fact that the complaint expressly avers that the compensation sought to be recovered was not fixed by an ordinance of the common council of appellee. It will be observed that the section of the statute in question not only provides for employing superintendents of municipally owned public utilities of the kind named, but also for fixing their compensation, the language in that regard being, "at and for such compensation as may be fixed by ordinance." Clearly its committee did not have, and could not have had, any power to pass an ordinance of any kind. Such power is conferred on common councils of cities, and cannot be delegated. Until such an ordinance was passed, no compensation for appellant was authoritatively fixed. This is true, notwithstanding

the use of the permissive word "may" in the clause last quoted, as statutes, permissive in form, must be held to be mandatory when the interest of the public is involved, as is the case here. *Peoples Nat. Bank* v. *Ayer* (1900), 24 Ind. App. 212; *Clifton* v. *State, ex rel.* (1911), 176 Ind. 33; *Abels* v. *State, ex rel.* (1920), 79 Okla. 282, 193 Pac. 969, 20 A. L. R. 589; *Supervisors, etc.*, v. *United States, ex rel.* (1866), 4 Wall. 435, 18 L. Ed. 419. The failure of the common council to fix appellant's compensation did not warrant its committee in assuming that it had a free hand in fixing the same, and could thereby supply an element essential to the validity of the contract he is seeking to enforce. For this additional reason we hold that appellant's complaint does not state a cause of action against appellee.

　　Judgment affirmed.