[Civil No. 4439.   Filed December 15, 1941.]

[120 Pac. (2d) 400.]

HUGH T. CUTHBERT, Doing Business Under the Name and Style of H. T. Cuthbert & Co., Appellant, v. THE CITY OF DOUGLAS, a Municipal Corporation, Appellee.

Mr. Terrence A. Carson, for Appellant.

Mr. Henry W. Beumler, City Attorney, for Appellee.

ROSS, J.—Under the terms of a contract between the City of Douglas and Hugh T. Cuthbert, a certified public accountant, entered into August 10, 1931, it was agreed the city would pay or allow Cuthbert 50% of any recovery from the County of Cochise of tax penalties and costs due from said county to the city; that Cuthbert would, at his own expense, audit the tax books and records of the county and determine what, if any, sums were due from the county to the city and certify a statement thereof to the city, when the city would undertake, by legal proceedings or otherwise, to collect from the county at the expense of Cuthbert "excepting attorney's fees."

Under such contract, some time before November, 1934, an action against the county was brought by the then City Attorney of the City of Douglas, which resulted in a recovery, on June 6, 1938, of $4,293.42, one-half of which the city paid to Cuthbert, who accepted such sum without making any claim for expenses or attorney's fees.

The present action by Cuthbert against the city was filed December 7, 1939, and is for the recovery of $550 which he paid attorney W. G. Gilmore to prosecute the action against Cochise County. The lower court gave judgment for the defendant, and plaintiff has appealed. There is no dispute but that Cuthbert paid the $550 to Gilmore, the only question being as to

whether he may, under the contract, recover such sum from the city.

On June 27, 1936, the City Council of defendant passed a resolution in words and figures as follows:

"Mayor Tuttle stated the purpose of the meeting was: First, for the purpose of authorizing Attorney W. G. Gilmore to appear in behalf of the City of Doug-. las in the suit against the Treasurer of Cochise County for the recovery of delinquent tax penalties. . . . Mayor Tuttle stated that Attorney W. G. Gilmore had been retained by Mr. H. T. Cuthbert to represent him in his suit against the Treasurer of Cochise County to recover delinquent tax penalties and that in the absence of a City Attorney and in behalf of the interest of the City of Douglas in the matter, he suggested that the Council authorize Mr. Gilmore to appear for the City of Douglas in the suit providing that all expenses incurred be borne by Mr. Cuthbert. On motion of Alderman Jones, seconded by Alderman Bauman, and unanimously carried, Attorney Gilmore was authorized to represent the City of Douglas in the suit providing all expenses be borne by Mr. Cuthbert."

The record shows that Gilmore, by appointment on July 1, 1937, became City Attorney for the City of Douglas and continued to act in such capacity until July 11, 1938.

It seems to us the city's liability to pay plaintiff must be determined mainly from the language of the contract between plaintiff and the city, together with the City Council's resolution concerning Gilmore's employment, and a common understanding between the parties as disclosed by the evidence. The contract quite clearly places the obligation to pay all the expenses in connection with the collection from Cochise County upon the plaintiff "excepting. attorney's fees." It is, of course, the theory of the plaintiff that, since the contract did not require plaintiff to pay attorney's fees, it was the duty of the city to fur-

nish an attorney to prosecute the action, and that he could employ and pay such attorney a fee and thereafter collect it back from the city. Although it be conceded that the contract bound the city to furnish an attorney, it does not if one is employed require it to pay such attorney a fee for his work, the city generally having a regular attorney to look after its litigation. It appears that the action against the county was filed by the city's attorney (a Mr. White) some time before Gilmore was employed; that Gilmore was employed later by plaintiff, with the consent of the city, to prosecute the action, because the city attorney who filed the action had vacated that office, and that the city was temporarily without an attorney.

The resolution passed by the City Council on June 27, 1936, in its every phrase and term, accepted Gilmore's services with the understanding that "all expenses be borne by Mr. Cuthbert." The correspondence between Gilmore and Cuthbert at the time of the former's appearance shows that it was not expected the city would pay Gilmore anything for his services. Gilmore wrote Cuthbert, on June 15, 1936, as follows:

"If I go into the Douglas case, I shall have the City Council to authorize me to appear in the case, so that I will have full charge of it. You know, at the present time, we have no City Attorney in Douglas, but I shall have the City Council authorize the Mayor to appoint an attorney for the City of Douglas, without pay, if I decide to go into your case."

It was after this communication that the city passed its resolution of June 27, 1936, permitting Gilmore to appear in the case against Cochise County "without pay," and we think plaintiff's own testimony shows that he understood the city would not be bound to pay Gilmore a fee. The court quoted to plaintiff while

he was testifying the above excerpt from the letter of June 15th and asked him "Did you understand that?" and he answered "Yes, and that is why I had to pay him," whereupon these questions and answers followed:

"Q. And you understood the City Council were appointing him without pay? A. Not in this case. I understood and knew he wasn't City Attorney, and that is why I offered to pay him: the other reason I offered to pay him was that if I lost the case the City of Douglas would have all those facts and it wouldn't have cost them a dime.

"Q. But didn't you have notice right here, from your own attorney, that he wasn't receiving a cent from the City? A. Yes.

"Q. You knew that when you hired him? A. Absolutely. . . . "

As we understand plaintiff's explanation to the court, it is that he would have to stand the attorney's fee if the case was lost, for he says:

" . . . if I lost the case, the City of Douglas would have had all those facts and it wouldn't have cost them a dime,"

but, since the case was won, he contends he is entitled to be reimbursed what he paid Gilmore. Under the contract, the city's duty, if any, is not contingent upon a successful venture. If it was not liable for the attorney's fee in case of failure, it was not liable in case of success. While what the witness says in his explanation is somewhat confused, we are satisfied he understood that the city was not liable for Gilmore's fee but that he alone was. Of course somebody was liable, and that was plaintiff. He admits the city was under no obligation to pay Gilmore. It was neither primarily nor secondarily liable; the obligation was the plaintiff's.

■ Granting that the city had the power to employ private counsel to prosecute such action at the city's expense, there is no evidence that it ever did so. The only evidence as to who employed Gilmore is that Cuthbert employed him. There is no evidence that Cuthbert was authorized by the city to employ anyone, and, even if there were, it would not bind the city, for the reason that the power of the city to employ private counsel is not delegable. It must be exercised by the city itself. *Darrow* v. *Van Buskirk,* 57 Ariz. 1; 110 Pac. (2d) 216; *Knight* v. *City of Eureka,* 123 Cal. 192, 55 Pac. 768; *State Compensation Ins. Fund* v. *Riley,* 9 Cal. (2d) 126, 69 Pac. (2d) 985.

■ If it be thought that the resolution of June 27, 1936, was a ratification of the employment of Gilmore by Cuthbert, it must also follow that such ratification was on the conditions therein stipulated, that is, that all expenses should be borne by Cuthbert.

■ We do not place any importance on the fact that Gilmore was city attorney a portion of the time the suit against Cochise County was pending. He was not such when he was employed by plaintiff and if after his appointment as city attorney plaintiff continued to treat him as his private attorney in that case, that was plaintiff's matter.

The judgment of the lower court is affirmed.

LOCKWOOD, C. J., and McALISTER, J., concur.